IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOMINIQUE MARSHON LEE,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. No. 23-2968 |
| | : | |
| **ERIC TICE,** | : | |
| **SUPERINTENDENT, SCI-SOMERSET** | : | |
| Respondent. | : | |

**O R D E R**

Petitioner Dominique Marshon Lee, through counsel, has filed Objections to Magistrate Judge Reid's Recommendation that I deny his § 2254 Petition without issuing a certificate of appealability. (Doc Nos. 6, 7.) I will overrule the Objections and adopt Judge Reid's Report and Recommendation.

I.   BACKGROUND

On November 20, 2014, a state court jury found Lee and his half-brother, Marquis Rayner, guilty of second-degree murder, robbery, burglary, and criminal conspiracy. Commonwealth v. Lee, No. 1299 EDA 2015, 2016 WL 7478634, at *1 (Pa. Super. Ct. Dec. 29, 2016). Lee was sentenced to life in prison. Id.

The trial evidence showed that on June 29, 2012, three armed men with t-shirts wrapped around their faces as disguises entered Dominick Williams and Aaron Crawford's apartment. Id. One intruder shot Williams. Id. Another intruder entered Crawford's bedroom, where he had been sleeping, and grabbed a clear, plastic jar containing marijuana, money, and cigarettes. Id. The intruders then ran from the apartment, where Williams remained bleeding to death. Id. Police subsequently discovered the plastic jar and a black t-shirt used to disguise one of the intruders two blocks from the victim's apartment. Id. Lee's thumbprint was found on the jar, and Rayner's

DNA was found on the t-shirt.  Id.

Crawford testified at trial as to both the t-shirt and jar.  He recalled one of the intruders wearing the black t-shirt.  (Nov. 17, 2017 Trial Tr. at 164:9-10.)  He also testified that he never took the jar outside the apartment, and that Williams would not have removed the jar from their home.  (Id. at 167:16-168:12.)  Crawford did not believe Rayner and Lee had ever been to the apartment.  (Id. at 165:16-166:7.)   He had never heard of them before the crime, and he did not believe they were friends with Williams.  (Id. at 166:11-167:16.)  Another witness, Stephen Carter, testified that he had previously seen a jar identical to the one found outside of the home, however.  (Nov. 19, 2017 Trial Tr. at 138:18-141:1.)  In particular, Carter testified that at a party, he reached into the jar in Williams's trunk and pulled marijuana out of it.  (Id. at 138:7-140:11.)

Lee's direct appeal to the Superior Court—where he argued evidentiary insufficiency—was unsuccessful.  See Lee, 2016 WL 74786234, at *1.  Lee filed a *nunc pro tunc* allocator petition which the Supreme Court denied.  He then filed two untimely PCRA petitions. Commonwealth v. Lee, CP-15-CR-0001738-2013 (PCRA) (C.C.P. Chester Sept. 20, 2018); Lee, CP-15-CR-0001738-2013 (PCRA) (C.C.P. Chester Oct. 22, 2022).

During this period, the Third Circuit granted habeas in Rayner's case.  Rayner v. Superintendent Forest SCI, No. 21-3230, 2023 WL 1433610, at *1 (3d Cir. Feb. 1, 2023).  Applying Jackson v. Virginia, the Court found the trial evidence insufficient to convict Rayner. Id.; Jackson v. Virginia, 443 U.S. 307 (1979).  Six months later, and over five years after his conviction became final, Lee filed the instant petition.  (Doc. No. 1.)  Judge Reid recommends that I dismiss the petition as untimely without a certificate of appealability.  (Doc. No. 6.)  Lee has filed objections.  (Doc. No. 7.)

## II. LEGAL STANDARDS

I must review de novo those portions of the Report to which Lee files timely, specific objections. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" Magistrate Judge Reid's findings or recommendations. Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Note to the 1983 Amendment; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

Before seeking federal habeas relief, state prisoners must exhaust their state court remedies. 28 U.S.C. § 2254(b). "[I]f it is clear that [the habeas petitioner's] claims [would] now [be] procedurally barred under [state] law," the claims are exhausted but procedurally defaulted. Gray v. Netherland, 518 U.S. 152, 161-62 (1996) (second and fifth alterations in original).

Moreover, a § 2254 petition must be filed within one year from the date the judgment became final or the expiration of time for seeking direct review. Severs v. Att'y Gen. of New Jersey, 793 F. App'x 72, 74 (3d Cir. 2019); 28 U.S.C. § 2244(d)(1)(A). There are three statutory exceptions which allow for the period to instead run from either: (1) the removal of an impediment to filing created by illegal state action; (2) the date on which the Supreme Court newly recognized a constitutional right; or (3) through the exercise of due diligence, the date on which the factual predicate to petitioner's claim, could be discovered. 28 U.S.C. § 2244(d)(1)(B)-(D). The limitations period may be equitably tolled only in extraordinary circumstances: where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (citations and quotations omitted). Equitable tolling is permissible where

3

the petitioner asserts a claim of actual innocence. Schlup v. Delo, 513 U.S. 298 (1995).

When the petition is timely, I may grant habeas relief only if the state court's adjudication of the petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To warrant habeas relief, the state court's decision must be "objectively unreasonable." Jacobs v. Horn, 395 F.3d 92, 100, 106 (3d Cir. 2005). I may not grant relief "merely because [I] conclude[] that the state court applied federal law erroneously or incorrectly." Id. at 100; see also Cavazos v. Smith, 132 S. Ct. 2, 4 (2011) ("[A] federal court may not overturn a state court decision . . . simply because the federal court disagrees with the state court."). I must give state court determinations considerable deference; I presume factual issues determined by a state court are correct unless a petitioner rebuts this presumption by clear and convincing evidence. Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000); see also Sneed v. Beard, 328 F. Supp. 3d 412, 422 (E.D. Pa. 2018) (petitioners face a "high hurdle in challenging the factual basis for a prior state-court decision rejecting a claim").

### III.   OBJECTIONS

#### a. Timeliness and Actual Innocence

Judge Reid concluded that Lee's Petition was untimely and must be dismissed because it was filed over five years after the AEDPA deadline and includes only a claim of sufficiency of the evidence, not actual innocence. (Doc. No. 6 at 8-9.) Lee concedes that the Petition is untimely but objects to Judge Reid's finding that Lee "cannot take advantage of the actual innocence exception because the sole claim he raises does not implicate actual innocence." (Doc. No. 7 at 1

4

(citing Doc. No. 6 at 8).)  Lee urges that his petition is based on actual innocence and that he is thus entitled to equitable tolling.  (See id. at 2.)  He further argues that he is not required to show "new and reliable" evidence to take advantage of this exception; he may instead rely on the Third Circuit's decision in Rayner.  (Id.)

Lee is mistaken.  The Supreme Court has plainly held that an actual innocence claim requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  Schlup, 513 U.S. at 324; see also Sweger v. Chesney, 294 F.3d 506, 522 (3d Cir. 2002) ("To establish actual innocence, a habeas petitioner must persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." (citations and quotations omitted)).  Lee presents no new evidence.

Judge Reid correctly noted that actual innocence means factual innocence and not mere legal insufficiency.  Bousley v. United States, 523 U.S. 614, 623 (1998); see also House v. Bell, 547 U.S. 518, 538 (2006) ("[A]ctual-innocence standard is by no means equivalent to the standard . . . which governs claims of insufficient evidence"); United States v. Garth, 188 F.3d 99, 107 (3d Cir.) ("'Actual innocence' . . . means that the person did not commit the crime." (quoting Johnson v. Hargett, 978 F.2d 855, 860 (5th Cir. 1992)); Sweger, 294 F.3d at 523 (Actual innocence requires "*factual* innocence on the basis of new evidence" and not "*legal* insufficiency of his conviction." (emphasis in original)).  Lee's exclusive reliance on Rayner is thus insufficient.  Moreover, the Rayner Court addressed only sufficiency of the evidence; it did not address actual innocence.  2023 WL 1433610, at *1.  Accordingly, Rayner provides no support for Lee's attempt to raise unilaterally an actual innocence claim.

Accordingly, I will overrule this objection: Lee's Petition is untimely and the limitations'

5

date may not be equitable tolled.

  b. **Insufficient Evidence**

Lee next objects to Judge Reid's ruling that Lee's insufficiency claim fails. Lee again urges that Rayner compels the granting of his Petition.

"[T]he relevant question [in assessing an insufficient evidence claim] is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. The Rayner Court deemed the trial evidence insufficient because there was no way to determine when Rayner's DNA had been deposited on the t-shirt—an easily movable object with multiple DNA profiles on it. 2023 WL 1433610, at *1. "Without evidence establishing when Rayner's DNA was left on the t-shirt or sufficient additional incriminating evidence, circumstantial or otherwise connecting Rayner to the scene of the crime, no rational juror could have found him guilty beyond a reasonable doubt." Id. at *2. The Third Circuit relied on its similar decision in Travillion v. Superintendent Rockview SCI, where the only evidence tying the petitioner to the crime scene was his fingerprints on easily moveable objects—a manila folder and piece of paper. 982 F.3d 896 (3d Cir. 2020).

Judge Reid aptly distinguishes Lee's case. In Travillion, there was no evidence that the envelope and paper were unavailable to the petitioner before the crime. Id. at 905. Accordingly, Travillion's fingerprints could have been left on the objects at any point. Id. Likewise, DNA could have been left on Rayner's t-shirt at any time. Rayner, 2023 WL 1433610, at *2. By contrast, here, an eyewitness to the crime testified that Lee was never in the apartment and that the jar was never taken out of the apartment before the crimes at issue. (Nov. 17, 2017 Trial Tr. at 167:16-168:12.) That testimony showed that Lee's fingerprints were transferred to the jar at the

6

time of the crime, placing Lee in the apartment when Williams was murdered. (Doc. No. 6 ("Thus, even though the jar was a mobile object, like a t-shirt or a manila envelope, in this case the prosecution put forth proof that there was no occasion other than the robbery when Lee could have touched the jar.").)

Lee suggests Crawford's testimony that the jar never left the apartment was not credible, because he was not with the jar at all times, which thus could have been removed from the house or touched by Lee outside Crawford's presence. (Doc. No. 7 at 4-6.) Jackson requires the Court to view the evidence in the light most favorable to the prosecution in determining whether a rational trier of fact could have found the essential elements of the crime. 443 U.S. at 319. Based on the evidence I have discussed, Judge Reid correctly determined that Jackson did not require the granting of relief. Accordingly, I will overrule Lee's objections.

### c. Certificate of Appealability

Finally, Lee objects to Judge Reid's recommendation that I deny a Certificate of Appealability. (Doc. No. 7 at 5-6.) "To obtain a certificate of appealability, Lee must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the District Court was correct in its procedural ruling." Rollins v. Warden James T. Vaugh Corr. Ctr., No. CV 21-2739, 2022 WL 819220, at *1 (3d Cir. Mar. 16, 2022) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Because jurists of reason would not debate the rulings on timeliness and evidentiary sufficiency, Lee's objection is overruled.

### IV. CONCLUSION

**AND NOW**, this 4th of December, 2023, upon consideration of the pleadings and record herein, and after careful review of Magistrate Judge Reid's Report and Recommendation (Doc.

No. 6), Petitioner's Objections (Doc. No. 7), Respondents' Response (Doc. No. 9), and all related filings, it is hereby **ORDERED** that:

1. The § 2254 Petition is **DENIED** with prejudice;

2. A certificate of appealability will not issue;

3. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

4. Magistrate Judge Reid's Report and Recommendation is **APPROVED** and **ADOPTED**; and

5. The Clerk of Court **SHALL** close this case.

**AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*

Paul S. Diamond, J.